UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEPAUL WASHINGTON, an infant by his Mother
and Natural Guardian, DENICE ANTWINE and
LATARA ANTWINE, an infant by her Mother and
Natural Guardian, DENICE ANTWINE, and DENICE
ANTWINE, individually,

                Plaintiff,

     against-

NATIONAL FREIGHT CORPORATION and
JOSEPH M. BOOR, JR.,

                Defendants.

---

**State Index No.: 350549/07**

**Civil No.:** _____

**NOTICE OF REMOVAL**

'07 CIV 10336
BRIEANT

---

     **NFI INTERACTIVE LOGISTICS, LLC i/s/h/a NATIONAL FREIGHT CORPORATION and JOSEPH M. BOOR, JR.,** ("defendants"), by counsel, state the following:

     1.    Plaintiff commenced this action on or about October 22nd, 2007, by filing a Summons and Verified Complaint in the New York State Supreme Court in Bronx County under Index Number 350549/07 and captioned as above. Pursuant to 28 USC § 1446(a), an index of copies of all process, pleadings and orders served upon the defendant is attached hereto as "Exhibit A," and a copy of the plaintiff's Summons and Verified Complaint is attached hereto as "Exhibit B."

     2.    The defendant first became aware of this action by letter dated October 22, 2007. A copy of Plaintiff's letter and Demand is attached hereto as "Exhibit C." This was the first notice Defendants received in regards to this lawsuit.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

3.    This Notice of Removal is being filed within thirty (30) days after receipt of the Summons and Verified Complaint by the defendant, and as such is timely pursuant to 28 USC § 1446(b).

4.    Plaintiff's Verified Complaint alleges that on or about October 5th, 2007, plaintiffs were traveling at or near southbound highway 95 approximately 2 tenths of a mile north of Hickory Hill Road, County of Hanover, State of Virginia and were involved in a motor vehicle accident.    Upon information and belief, the value of the injuries suffered by the plaintiff exceeds $75,000.00.    The basis for this belief is plaintiff's demand for $100,000,000.00 contained in their attorney's letter attached as Exhibit C. The validity of this claim is not admitted.

5.    Defendant is a New Jersey corporation having its principal place of business in the State of New Jersey. Co-defendant Joseph M. Boor, Jr. is a resident of Bensenville, having his principal place of residence in the State of Pennsylvania. Plaintiffs allege that they are New York residents with a principal domicile in the City of New York, County of Bronx.

6.    Pursuant to 28 USC § 1332(c)(1), full diversity exists among all parties.

7.    Insofar as the amount in controversy is alleged to exceed $75,000.00 and full diversity exists between the parties, removal is proper pursuant to 28 USC § 1332(a) and 28 USC § 1441(a).

8.    Contemporaneously herewith, written notice is being given to all adverse parties and to the Clerk of the State of New York, Supreme Court, County of Bronx, that this Notice of Removal is being filed with this Court.

**WHEREFORE**, defendants **NFI INTERACTIVE LOGISTICS, LLC i/s/h/a NATIONAL FREIGHT CORPORATION and JOSEPH M. BOOR, JR.** files this Notice of Removal so that the entire state court action under Index Number 350549/07 now pending in the State of New York, Supreme Court, County of Bronx, be removed to this Court for all further proceedings.

Dated: November 13, 2007
        White Plains, New York

Yours, etc.,

GOLDBERG SEGALLA, LLP

By: _____
        Michael D. Shalhoub, Esq. (MS 2879)
        170 Hamilton Avenue, Suite 203
        White Plains, New York 10601
        (914) 798-5400
        *Attorneys for Defendants*
        **NFI INTERACTIVE LOGISTICS, LLC**
        **i/s/h/a NATIONAL FREIGHT**
        **CORPORATION and JOSEPH M.**
        **BOOR, JR.**

Ex.  A

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEPAUL WASHINGTON, an infant by his Mother and Natural Guardian, DENICE ANTWINE and LATARA ANTWINE, an infant by her Mother and Natural Guardian, DENICE ANTWINE, and DENICE ANTWINE, individually, | **State Index No.: 350549/07** <br><br> **Civil No.:** _____ |
| Plaintiff, | **NOTICE OF REMOVAL** |
| against- | |
| NATIONAL FREIGHT CORPORATION and JOSEPH M. BOOR, JR., | |
| Defendants. | |

### INDEX OF PROCESS, PLEADINGS AND
### ORDERS SERVED UPON DEFENDANT

1.      Summons and Verified Complaint dated and filed October 22, 2007.

Ex. B

OCT-22-2007 13:28 FROM:                TO: 815 717 9813       P.4

Case 1:07-cv-10336-BSJ-DFE    Document 1     Filed 11/14/2007    Page 7 of 22    6100.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------X

DEPAUL WASHINGTON, an infant by his Mother and
Natural Guardian, DENICE ANTWINE and LATARA
ANTWINE, an infant by her Mother and Natural Guardian,
DENICE ANTWINE, and DENICE ANTWINE,
individually,

                           **Plaintiffs**,

         -against-

NATIONAL FREIGHT CORPORATION and JOSEPH M.
BOOR JR.,

                         **Defendants.**

------------------------------------------------------------X

Index # 350549/07
Date of filing:

Plaintiffs designate Bronx
County as the place of trial

Basis of the venue is Plaintiffs'
residence

**SUMMONS**

Plaintiffs reside at
1220 Simpson Street,
Bronx, New York 10459,

County of Bronx

### TO THE ABOVE NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

**Defendant's address:**
NATIONAL FREIGHT INC.
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

JOSEPH M. BOOR JR.
2132 Raystown Road
Everett, Pennsylvania 15537

**Plaintiff's attorneys:**
RUBENSTEIN & RYNECKI, ESQS.
16 Court Street, Suite 1717
Brooklyn, New York 11241
(718)522-1020

Dated: Brooklyn, New York
        October 22, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
DEPAUL WASHINGTON, an infant by his Mother and
Natural Guardian, DENICE ANTWINE and LATARA
ANTWINE, an infant by her Mother and Natural Guardian,
DENICE ANTWINE, and DENICE ANTWINE,
individually,

        Plaintiffs,

    -against-

NATIONAL FREIGHT CORPORATION and JOSEPH M.
BOOR JR.,

        Defendants.

------------------------------------------------------------------X

Index No.:

COMPLAINT

Plaintiffs, by their attorneys, RUBENSTEIN & RYNECKI, ESQS., complaining of the defendants herein, upon information and belief, respectfully show to this Court, and allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF DEPAUL WASHINGTON, AN INFANT BY HIS MOTHER AND NATURAL GUARDIAN, DENICE ANTWINE

1. That at all times hereinafter mentioned, the plaintiffs were and still are residents of the County of Bronx, City and State of New York.

2. That at all times hereinafter mentioned, the defendant, JOSEPH M. BOOR JR., was a resident of the State of Pennsylvania.

3. That on October 5, 2007, and at all times hereinafter mentioned, the defendant, NATIONAL FREIGHT CORPORATION , was and is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That on October 5, 2007, and at all times hereinafter mentioned, the defendant, NATIONAL FREIGHT CORPORATION , was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York.

5. That on October 5, 2007, and at all times hereinafter mentioned, the defendant, NATIONAL FREIGHT CORPORATION, was and is a corporation and/or business entity duly

licensed to transact business in the State of New York.

6.      That on October 5, 2007, and at all times hereinafter mentioned, the defendant, NATIONAL FREIGHT CORPORATION, conducted business and maintained offices within the State of New York.

7.      That on October 5, 2007, and at all times hereinafter mentioned, the defendant, NATIONAL FREIGHT CORPORATION, was and still is a domestic corporation, duly authorized to do business in the State of New York.

8.      That on October 5, 2007, and at all times hereinafter mentioned, the defendant, NATIONAL FREIGHT CORPORATION,  maintained its principal place of business within the State of New York.

9.      That on October 5, 2007, and at all times hereinafter mentioned, the defendant, NATIONAL FREIGHT CORPORATION , regularly does, or solicits, business in the State of New York.

10.     That on October 5, 2007, and at all times hereinafter mentioned, the defendant, NATIONAL FREIGHT CORPORATION,  received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

11.     That on October 5, 2007, and at all times hereinafter mentioned, and upon information and belief, the defendant, NATIONAL FREIGHT CORPORATION , owned the motor vehicle bearing license plate number P593902, State of Illinois.

12.     That on October 5, 2007, and at all times hereinafter mentioned, and upon information and belief, the defendant, JOSEPH M. BOOR JR., operated the motor vehicle bearing license plate number P593902, State of Illinois.

13.     That on October 5, 2007, and at all times hereinafter mentioned, and upon information and belief, the defendant, JOSEPH M. BOOR JR., controlled the motor vehicle bearing license plate number P593902, State of Illinois.

14.     That on October 5, 2007, and at all times hereinafter mentioned, and upon information and belief, the defendant, JOSEPH M. BOOR JR., operated and controlled the motor

vehicle bearing license plate number P593902, State of Illinois.

15. That on October 5, 2007, and at all times hereinafter mentioned, and upon information and belief, the defendant, JOSEPH M. BOOR JR., operated and controlled the motor vehicle bearing license plate number P593902, State of Illinois, with the knowledge, permission and consent of defendant owner, NATIONAL FREIGHT CORPORATION .

16. That on October 5, 2007, and at all times hereinafter mentioned, and upon information and belief, the defendant, JOSEPH M. BOOR JR., was an employee of the defendant, NATIONAL FREIGHT CORPORATION.

17. That on October 5, 2007, and at all times hereinafter mentioned, and upon information and belief, the defendant, JOSEPH M. BOOR JR., operated and controlled the motor vehicle bearing license plate number P593902, State of Illinois, within the scope of his employment.

18. That on October 5, 2007, and at all times hereinafter mentioned, and upon information and belief, PAUL WASHINGTON, owned the motor vehicle bearing license plate number RKL-70F, State of New Jersey.

19. That on October 5, 2007, and at all times hereinafter mentioned, and upon information and belief, FRANCES DELANCEY, operated the motor vehicle bearing license plate number RKL-70F, State of New Jersey.

20. That on October 5, 2007, and at all times hereinafter mentioned, and upon information and belief, FRANCES DELANCEY, controlled the motor vehicle bearing license plate number RKL-70F, State of New Jersey.

21. That on October 5, 2007, and at all times hereinafter mentioned, and upon information and belief, FRANCES DELANCEY, operated and controlled the motor vehicle bearing license plate number RKL-70F, State of New Jersey.

22. That on October 5, 2007, and at all times hereinafter mentioned, the infant plaintiff, DEPAUL WASHINGTON, was a legal passenger in the motor vehicle owned by PAUL WASHINGTON and operated and controlled by FRANCES DELANCEY, and bearing license plate number RKL-70F, State of New Jersey.

23. That on October 5, 2007, the aforementioned motor vehicle bearing license plate number P593902, State of Illinois which was owned, operated and controlled by defendants came into contact with the vehicle bearing license plate number RKL-70F, State of New Jersey, in which infant plaintiff, DEPAUL WASHINGTON, was a legal passenger.

24. That on October 5, 2007, at or near southbound highway 95 approximately 2 tenths mile north of Hickory Hill Road, County of Hanover, State of Virginia, was and still is a public highway used extensively by the public in general.

25. That on October 5, 2007, the aforementioned motor vehicles came into contact at or near southbound highway 95 approximately 2 tenths mile north of Hickory Hill Road, County of Hanover, State of Virginia.

26. That the aforesaid collision and injuries resulting therefrom, were due solely and wholly to the careless and negligent manner in which the defendants owned, operated, maintained and controlled their vehicle without this infant plaintiff in any way contributing thereto.

27. That by reason of the foregoing and the negligence of the said defendants, this infant plaintiff sustained serious, severe, and permanent injuries to his limbs and body, still suffers and will continue to suffer for some time, great physical and mental pain and serious bodily injury; including psychological injuries became sick, sore, lame and disabled and so remained for a considerable length of time.

28. That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the infant plaintiff, DEPAUL WASHINGTON, sustained serious injuries as defined in the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in said Insurance Law.

29. That by reason of the foregoing and the negligence of the said defendants, this infant plaintiff, DEPAUL WASHINGTON, is informed and verily believes his aforesaid injuries are permanent and that he will permanently suffer from the effects of his aforesaid injuries and he will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

30. That by reason of the foregoing, this infant plaintiff, DEPAUL WASHINGTON, was

compelled and did necessarily require medical aid and attention and the Mother and Natural Guardian, DENICE ANTWINE of infant plaintiff, DEPAUL WASHINGTON , did necessarily pay and become liable therefore, for medicines and upon information and belief, infant plaintiff, DEPAUL WASHINGTON, will necessarily incur similar expenses.

31.      That by reason of the foregoing, the infant plaintiff, DEPAUL WASHINGTON, has been unable to attend to his usual activity in the manner required.

32.      This action falls within one or more of the exceptions set forth in CPLR §1602.

33.      That as a result of the defendants' negligence as aforesaid, this plaintiff, DEPAUL WASHINGTON, has sustained damages both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF DEPAUL WASHINGTON, AN INFANT BY HIS MOTHER AND NATURAL GUARDIAN, DENICE ANTWINE FOR PUNITIVE DAMAGES

34.      That at all times hereinafter mentioned plaintiffs repeat, reiterate and reallege each and every allegation contained in the paragraphs of this Complaint designated as "1" through "33" herein, as though more fully set forth herein at length.

35.      The actions of the defendants herein-above alleged, were malicious, willful and grossly negligent.

36.      The defendant, JOSEPH M. BOOR JR., operated and controlled the motor vehicle bearing license plate number P593902, State of Illinois, owned by the defendant, NATIONAL FREIGHT CORPORATION, in a malicious, willful, reckless and grossly negligent manner.

37.      The defendants authorized, permitted and ratified the unlawful and negligent acts of its agent, servant and/or employee, herein-above alleged.

38.      By reason of the above actions of defendants, the infant plaintiff, DEPAUL WASHINGTON, demands punitive damages in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF
### OF LATARA ANTWINE, AN INFANT BY HER MOTHER
### AND NATURAL GUARDIAN, DENICE ANTWINE

39. That at all times hereinafter mentioned plaintiffs repeat, reiterate and reallege each and every allegation contained in the paragraphs of this Complaint designated as "1" through "38" herein, as though more fully set forth herein at length.

40. That on October 5, 2007, the aforementioned motor vehicle bearing license plate number P593902, State of Illinois which was owned, operated and controlled by defendants came into contact with the vehicle bearing license plate number RKL-70F, State of New Jersey, in which infant plaintiff, LATARA ANTWINE, was a legal passenger.

41. That solely by reason of the defendants aforementioned negligence in the ownership, operation and control of their vehicle, infant plaintiff, LATARA ANTWINE, was caused to sustain serious and permanent personal injuries including psychological damage and resulting damage.

42. That by reason of the foregoing and the negligence of the said defendants, this infant plaintiff, LATARA ANTWINE, sustained serious, severe, and permanent injuries to her limbs and body, still suffers and will continue to suffer for some time, great physical and mental pain and serious bodily injury; became sick, sore, lame and disabled and so remained for a considerable length of time.

43. That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, infant plaintiff, LATARA ANTWINE, sustained serious injuries as defined in the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in said Insurance Law.

44. That by reason of the foregoing and the negligence of the said defendants, this infant plaintiff, LATARA ANTWINE, is informed and verily believes her aforesaid injuries are permanent and that she will permanently suffer from the effects of her aforesaid injuries and she will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

45. That by reason of the foregoing, this infant plaintiff, LATARA ANTWINE, was compelled and did necessarily require medical aid and attention and the Mother and Natural Guardian, DENICE ANTWINE of infant plaintiff, LATARA ANTWINE, did necessarily pay and become liable

therefore, for medicines and upon information and belief, infant plaintiff, LATARA ANTWINE, will necessarily incur similar expenses.

46.    That by reason of the foregoing, the infant plaintiff, LATARA ANTWINE, has been unable to attend to her usual activity in the manner required.

47.    That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the infant plaintiff, LATARA ANTWINE, was severely injured, bruised and wounded, suffered, still suffers, and will continue to suffer for some time great physical pain and great bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

48.    That as a result of the defendants' negligence as aforesaid, this infant plaintiff, LATARA ANTWINE, has sustained damages in an amount exceeding the jurisdictional limits of all lower Courts.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF LATARA ANTWINE, AN INFANT BY HER MOTHER AND NATURAL GUARDIAN, DENICE ANTWINE FOR PUNITIVE DAMAGES

49.    That at all times hereinafter mentioned plaintiffs repeat, reiterate and reallege each and every allegation contained in the paragraphs of this Complaint designated as "1" through "48" herein, as though more fully set forth herein at length.

50.    The actions of the defendants herein-above alleged, were malicious, willful and grossly negligent.

51.    The defendant, JOSEPH M. BOOR JR., operated the motor vehicle operated and controlled the motor vehicle bearing license plate number P593902, State of Illinois, owned by the defendant, NATIONAL FREIGHT CORPORATION, in a malicious, willful, reckless and grossly negligent manner.

52.    The defendants authorized, permitted and ratified the unlawful and negligent acts of its agent, servant and/or employee, herein-above alleged.

53.    By reason of the above actions of defendants, the plaintiff, LATARA ANTWINE, demands punitive damages in an amount exceeding the jurisdictional limits of all the lower Courts.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF DENICE ANTWINE, MOTHER AND NATURAL GUARDIAN OF DEPAUL WASHINGTON**

54. That at all times hereinafter mentioned, plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint designated as "1" through "53" herein, as though more fully set forth herein at length.

55. That at all times hereinafter mentioned, plaintiff, DENICE ANTWINE, was the lawful Mother and Natural Guardian of the infant plaintiff, DEPAUL WASHINGTON, and as such said plaintiff, DENICE ANTWINE, was entitled to the society and services of said infant plaintiff, DEPAUL WASHINGTON.

56. By reason of the defendants aforementioned negligence, the plaintiff, DENICE ANTWINE, was deprived of the society and services of the infant plaintiff, DEPAUL WASHINGTON, and shall forever be deprived of said society and services.

57. As a result of herein above, plaintiff, DENICE ANTWINE, has expended diverse sums of money in payment of the expenses incurred for medical care, treatment and hospitalization for infant plaintiff, DEPAUL WASHINGTON.

58. That by reason of the foregoing negligence on the part of the defendants, the plaintiff, DENICE ANTWINE, has been damaged in a sum exceeding the jurisdictional limits of all lower Courts.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF DENICE ANTWINE, MOTHER AND NATURAL GUARDIAN OF LATARA ANTWINE**

59. That at all times hereinafter mentioned, plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint designated as "1" through "58" herein, as though more fully set forth herein at length.

60. That at all times hereinafter mentioned, plaintiff, DENICE ANTWINE, was the lawful Mother and Natural Guardian of the infant plaintiff, LATARA ANTWINE, and as such said plaintiff, DENICE ANTWINE, was entitled to the society and services of said infant plaintiff, LATARA ANTWINE.

61. By reason of the defendants aforementioned negligence, the plaintiff, DENICE

ANTWINE, was deprived of the society and services of the infant plaintiff, LATARA ANTWINE, and shall forever be deprived of said society and services.

62.    As a result of herein above, plaintiff, DENICE ANTWINE, has expended diverse sums of money in payment of the expenses incurred for medical care, treatment and hospitalization for infant plaintiff, LATARA ANTWINE.

63.    That by reason of the foregoing negligence on the part of the defendants, the plaintiff, DENICE ANTWINE, has been damaged in a sum exceeding the jurisdictional limits of all lower Courts.

WHEREFORE, infant plaintiff, DEPAUL WASHINGTON, by his Mother and Natural Guardian, DENICE ANTWINE, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the First Cause of Action; infant plaintiff, DEPAUL WASHINGTON, by his Mother and Natural Guardian, DENICE ANTWINE, for punitive damages demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the Second Cause of Action; infant plaintiff, LATARA ANTWINE, by her Mother and Natural Guardian, DENICE ANTWINE, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the Third Cause of Action; infant plaintiff, LATARA ANTWINE, by her Mother and Natural Guardian, DENICE ANTWINE, for punitive damages, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the Fourth Cause of Action; plaintiff, DENICE ANTWINE, Mother and Natural Guardian of the infant plaintiff, DEPAUL WASHINGTON, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the Fifth Cause of Action; plaintiff, DENICE ANTWINE, Mother and Natural Guardian of infant plaintiff, LATARA ANTWINE, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the Sixth Cause of Action; together

with attorneys' fees and the costs and disbursements of this action.

DATED: Brooklyn, New York
October 22, 2007

Yours, etc.

SCOTT E. RYNECKI, ESQ.
RUBENSTEIN & RYNECKI, ESQS.
Attorneys for Plaintiffs
LATARA ANTWINE, an infant by her Mother and
Natural Guardian, DENICE ANTWINE and DEPAUL
WASHINGTON, an infant by his Mother and Natural
Guardian, DENICE ANTWINE, and DENICE
ANTWINE, individually
16 Court Street Suite 1717
Brooklyn, New York 11241
(718) 522-1020
File No.: 07LA20-05

## ATTORNEY'S VERIFICATION BY AFFIRMATION

SCOTT E. RYNECKI, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at RUBENSTEIN & RYNECKI, ESQS., attorneys of record for the Plaintiff, I have read the annexed

## SUMMONS AND COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

I make the foregoing affirmation instead of the Plaintiffs.

Dated: Brooklyn, New York
       October 22, 2007

SCOTT E. RYNECKI, ESQ

Index No. _____ Year _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

DEPAUL WASHINGTON, an infant by his Mother and Natural Guardian, DE
ANTWINE and LATARA ANTWINE, an infant by her Mother and Natural Gu
DENICE ANTWINE, and DENICE ANTWINE, Individually,

Plaintiffs,

-against-

NATIONAL FREIGHT CORPORATION and JOSEPH M. BOOR JR.,

Defendant,

SUMMONS and COMPLAINT

Signature (Rule 130-1.1-a)
_____
Print name beneath

Attorney(s) for

RUBENSTEIN & RYNECKI ESQS.
Attorneys for Plaintiff(s)
Office and Post Office Address, Telephone
16 COURT ST.
BROOKLYN, N.Y. 11241
(718) 522-1020

To
Attorney(s) for

Service of a copy of the within
is hereby admitted.
Dated,
Attorney(s) for

1300 - Blumberg EXCELSIOR, INC., NYC 10013

NOTICE OF ENTRY

PLEASE take notice that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

RUBENSTEIN & RYNECKI ESQS.
Attorneys for

Office and Post Office Address
16 COURT ST.
BROOKLYN, N.Y. 11241

To

Attorneys for

NOTICE OF SETTLEMENT

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at
on
at
Dated, M.

Yours, etc.

RUBENSTEIN & RYNECKI ESQS.
Attorneys for

Office and Post Office Address
16 COURT ST.
BROOKLYN, N.Y. 11241

To

Attorneys for

Ex. C.

# RUBENSTEIN & RYNECKI
### ATTORNEYS AT LAW
16 COURT STREET, SUITE 1717
BROOKLYN, NEW YORK 11241
Tel. (718)522-1020
Fax. (718)522-3804

SANFORD A. RUBENSTEIN
SCOTT RYNECKI*

ROBERT H PET??
FLOFA?RA VRCN?JE?
ROBERT MULCA
RICHARD M LEVY
ALLEN C GOLEMAN
JERA FANCES!
?CCT? B ?ENENBAUM*

· ·SIA???ED N N? & N.

October 22, 2007

D.Cameron Beck, Jr.
Morris & Morris
P. O. Box 30
Richmond, Virginia 23218-0030

    Re: Latara Antwine and Depaul Washington
        (Both infants by Denice Antwine Mane,
        Mother and Natural Guardian)
        D/A: October 5, 2007
        Your Client: National Freight Inc.
        and Joseph Boor

Dear Mr. Beck:

    Please be advised that this office represents the above named.
Demand is hereby made on their behalf for damages in the sum of One
Hundred Million Dollars for compensatory and punitive damages as a
result of the occurrence described in the enclosed police report.

    Kindly advise if you will accept service on their behalf of
the enclosed summons and complaint, which was filed on October 22,
2007 in the Supreme Court of the State of New York, County of
Bronx.

                            Very truly yours,

                            RUBENSTEIN & RYNECKI

                            Sanford A. Rubenstein

SAR/aa
Enc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEPAUL WASHINGTON, an infant by his Mother and Natural Guardian, DENICE ANTWINE and LATARA ANTWINE, an infant by her Mother and Natural Guardian, DENICE ANTWINE, and DENICE ANTWINE, individually, | Civil No.: _____ |

**DEMAND FOR JURY TRIAL**

                         Plaintiff,

        against-

NATIONAL FREIGHT CORPORATION and
JOSEPH M. BOOR, JR.,

                      Defendants.

PLEASE TAKE NOTICE  THAT  the defendants, **NFI INTERACTIVE LOGISTICS, LLC i/s/h/a NATIONAL FREIGHT CORPORATION and JOSEPH M. BOOR, JR.**, hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).


Dated: November 13, 2007
      White Plains, New York

                        Yours, etc.,

                        GOLDBERG SEGALLA, LLP

           By: _____
                      Michael D. Shalhoub, Esq. (MS 2879)
                      170 Hamilton Avenue, Suite 203
                      White Plains, New York 10601
                      (914) 798-5400
                      *Attorneys for Defendants*
                      **NFI INTERACTIVE LOGISTICS, LLC i/s/h/a NATIONAL FREIGHT CORPORATION and JOSEPH M. BOOR, JR.**