UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DEPAUL WASHINGTON, an infant by his
Mother and Natural Guardian, DENISE ANTWINE
And LATARA ANTWIN, an infant by her mother
And Natural Guardian, DENICE ANTWINE and
DENICE ANTWINE, individually,

Docket No.:
07-CV-10336 (BSJ/DFE)

**ANSWER**

Plaintiffs,

-against-

NATIONAL FREIGHT, INC. and JOSEPH M.
BOOR JR.,

Defendants.
-----------------------------------------------------------------X

Defendants, NATIONAL FREIGHT, INC., and JOSEPH M. BOOR JR., (hereinafter "Defendants"), by and through their attorneys, GOLDBERG SEGALLA LLP, as and for their Answer to plaintiffs' Complaint, allege as follows:

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

FIRST: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "1", "9", "10", "13", "14", "18", "19", "20", "21", "22", "24", "25" and "32" of plaintiffs' Complaint and refer all questions of law to the Honorable Court.

SECOND: Defendants deny the allegations in the paragraphs designated as "3", "4", "6", "7", "8", "16", "26", "27", "28", "29", "30", "31" and "33" of plaintiffs' Complaint and refer all questions of law to the Honorable Court.

THIRD:    Defendants deny the allegations in the paragraph designated as "15" of plaintiffs' Complaint, except to admit that on October 5, 2007, and at all times hereinafter mentioned, the defendant, JOSEPH M. BOOR JR., operated the motor vehicle bearing license plate number P593902, State of Illinois, with the knowledge, permission and consent of NATIONAL FREIGHT, INC.

FOURTH:    Defendants deny the allegations in the paragraph designated as "17" of plaintiffs' Complaint, except to admit that on October 5, 2007, and at all times hereinafter mentioned, the defendant, JOSPEH M. BOOR JR., operated the motor vehicle bearing license plate P593902, State of Illinois, within the scope of his employment.

FIFTH:    Defendants deny the allegations in the paragraph designated as "23" of plaintiffs' Complaint, except to admit that on October 5, 2007, and at all times hereinafter mentioned, the motor vehicles bearing license plate number P593902, State of Illinois, and RKL-70F, State of New Jersey, came into contact.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

SIXTH:    In answer to the paragraph designated as "34" of plaintiffs' Complaint, defendants repeat, reiterate and reallege each of the responses set forth in paragraphs "FIRST" through "FIFTH" of this Answer with the same force and effect as if they were set forth fully and at length herein.

SEVENTH:    Defendants deny the allegations in the paragraphs designated as "35", "36", "37" and "38" of plaintiffs' Complaint and refer all questions of law to the Honorable Court.

## AS AND FOR AN ANSWER TO THIRD CAUSE OF ACTION

EIGHTH:     In answer to the paragraph designated as "39" of plaintiffs' Complaint, defendants repeat, reiterate and reallege each of the responses set forth in paragraphs "FIRST" through "SEVENTH" of this Answer with the same force and effect as if they were set forth fully and at length herein.

NINTH:     Defendants deny the allegations in the paragraph designated as "40" of plaintiffs' Complaint, except to admit that on October 5, 2007, and at all times hereinafter mentioned, the motor vehicles bearing license plate number P593902, State of Illinois, and RKL-70F, State of New Jersey, came into contact.

TENTH:     Defendants deny the allegations in the paragraphs designated as "41", "42", "43", "44", "45", "46", "47" and "48" of plaintiffs' Complaint and refer all questions of law to the Honorable Court.

## AS AND FOR AN ANSWER TO FOURTH CAUSE OF ACTION

ELEVENTH: In answer to the paragraph designated as "49" of plaintiffs' Complaint, defendants repeat, reiterate and reallege each of the responses set forth in paragraphs "FIRST" through "TENTH" of this Answer with the same force and effect as if they were set forth fully and at length herein.

TWELFTH:     Defendants deny the allegations in the paragraphs designated as "50", "51", "52" and "53" of plaintiffs' Complaint and refer all questions of law to the Honorable Court.

## AS AND FOR AN ANSWER TO FIFTH CAUSE OF ACTION

THIRTEENTH: In answer to the paragraph designated as "54" of plaintiffs' Complaint, defendants repeat, reiterate and reallege each of the responses set forth in paragraphs "FIRST" through "TWELFTH" of this Answer with the same force and effect as if they were set forth fully and at length herein.

FOURTEENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph designated as "55" of plaintiffs' Complaint and refer all questions of law to the Honorable Court.

FIFTEENTH: Defendants deny the allegations in the paragraphs designated as "56", "57" and "58" of plaintiffs' Complaint and refer all questions of law to the Honorable Court.

## AS AND FOR AN ANSWER TO SIXTH CAUSE OF ACTION

SIXTEENTH: In answer to the paragraph designated as "59" of plaintiffs' Complaint, defendants repeat, reiterate and reallege each of the responses set forth in paragraphs "FIRST" through "FIFTEENTH" of this Answer with the same force and effect as if they were set forth fully and at length herein.

SEVENTEENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph designated as "60" of plaintiffs' Complaint and refer all questions of law to the Honorable Court.

EIGHTEENTH: Defendants deny the allegations in the paragraphs designated as "61", "62" and "63" of plaintiffs' Complaint and refer all questions of law to the Honorable Court.

## FIRST AFFIRMATIVE DEFENSE

Upon information and belief, all or part of the costs of plaintiffs' medical care, loss of earnings or other economic loss have been paid, replaced, or indemnified in whole or in part from collateral sources or with reasonable certainty will be replaced or indemnified in the future from such collateral sources and, to that extent, these answering defendants request that in the event plaintiffs recover any judgment herein, that such amount as has, have been, or may be recovered in whole or in part from collateral sources reduce plaintiffs' recovery by said amounts.

## SECOND AFFIRMATIVE DEFENSE

Upon information and belief, plaintiffs failed to make use of available seatbelts.

## THIRD AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over the defendant, JOSEPH M. BOOR JR.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are obligated to mitigate their damages.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the plaintiffs' Complaint fails to state a claim for punitive damages upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

Defendants are entitled to the statutory protection of any limitation or cap on recovery for punitive damages pursuant to applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

Any award of punitive damages based upon vague and undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

Any award of punitive damages based upon any standard of proof less than "clear and convincing" evidence would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution

### NINTH AFFIRMATIVE DEFENSE

Any award of punitive damages would be in denial of the answering defendants' right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and the New York State Constitution, as the absence of adequate and objective standards for the assessment of punitive damages fails to ensure the equality of treatment between similarly situated civil defendants.

### TENTH AFFIRMATIVE DEFENSE

Any award of punitive damages would violate the answering defendants' Due Process Rights secured by the Fifth and Fourteenth Amendments to the United States Constitution, as a punitive damage award would constitute a deprivation of property without due process of law.

### ELEVENTH AFFIRMATIVE DEFENSE

Any award of punitive damages would violate the Commerce Clause of Article I of the United States Constitution, constituting an undue and unreasonable burden on interstate

commerce, and to the extent it punishes acts or omissions which have occurred outside of state boundaries.

## TWELFTH AFFIRMATIVE DEFENSE

An award of punitive damages in this action would contravene the constitutional prohibitions against *ex post facto* laws.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may violate the Double Jeopardy Clause because the answering defendants could be subject to multiple awards of damages for the same set of acts.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages violate the Eighth Amendment's guarantee that excessive fines shall not be imposed.

**WHEREFORE**, defendants, NATIONAL FREIGHT, INC., and JOSEPH M. BOOR JR., demand judgment dismissing the Complaint, together with the costs and disbursements of this action.

Dated: White Plains, New York
       December 10, 2007

                                    GOLDBERG SEGALLA LLP

                                    _____
                                    MICHAEL D. SHALHOUB (MS 2879)
                                    Attorneys for Defendants
                                    170 Hamilton Avenue, Suite 203
                                    White Plains, New York 10601
                                    (914) 798-5400
                                    GS File No.:   6099.0001

To: RUBENSTEIN & RYNECKI, ESQS.
Attorneys for Plaintiffs
16 Court Street, Suite 1717
Brooklyn, New York 11241
(718) 522-1020

352380.1

Washington/Antwine v. National Freight, Inc., et al.
Docket No.: 07-CV-10336 (BSJ/DFE)
GS File No.: 6099.0001

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2007, I served the within **ANSWER,** at the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, in a post-office/official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

GOLDBERG SEGALLA LLP

*/s/ Michael D. Shalhoub*
MICHAEL D. SHALHOUB (MS 2879)
Attorneys for Defendants
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
(914) 798-5400
GS File No.: 6099.0001

352380.1